UNITED STATES DISTRICT COURT

MIDDL DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFANY PAYTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-96-SDD-SDJ** |
| **USAA INSURANCE COMPANY, et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 5, 2021.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDL DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFANY PAYTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-96-SDD-SDJ** |
| **USAA INSURANCE COMPANY, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand (R. Doc. 12) and Motion for Leave to File Amended Complaint (R. Doc. 14), neither of which Defendants oppose (R. Docs. 20, 21, 22). For the reasons that follow, the Court **RECOMMENDS** that both the Motion for Leave to Amend (R. Doc. 14) and Motion to Remand (R. Doc. 12) be **GRANTED** and that Plaintiff's cause of action be **remanded** to the 18th Judicial District Court for further proceedings.

Plaintiff was allegedly injured as a passenger on a Greyhound bus when it collided with a flatbed trailer driven by an unidentified driver. (R. Doc. 1-3 at 2-3). The unidentified driver allegedly caused the accident. (R. Doc. 1-3 at 2). Following the collision, Plaintiff filed suit in the 18th Judicial District Court against the following Defendants: USAA Insurance Company, Plaintiff's UM insurer; Greyhound Lines, Inc.; Powell Transportation Co., the owner of the flatbed trailer; National Union Fire Insurance Company, Greyhound's liability insurer; and John Doe, the unidentified driver. (R. Doc. 1-3 at 1-2).

Following service, Defendants removed the case to this Court based on diversity jurisdiction. (R. Doc. 1). According to the Notice of Removal and original Petition, Plaintiff is a

citizen of Texas, as is her UM insurer, United Services Automobile Association. (R. Doc. 1-2 at 2, 3); (R. Doc. 1-3 at 1). However, the removing Defendants argued that because Plaintiff had incorrectly identified her UM insurer as "USAA Insurance Company," it constituted a fictitious entity whose citizenship must be disregarded for purposes of removal. (R. Doc. 1-2 at 3).[1]

Plaintiff now seeks leave of Court (R. Doc. 14) to file an amended Complaint, correctly identifying her UM insurer, United Services Automobile Association, a citizen of Texas (R. Doc. 14-3). Defendants do not oppose this Motion for Leave (R. Docs. 20, 21, 22), and Plaintiff has a valid claim against her non-diverse UM insurer, *Cibulski v. Miller*, 2013 WL 950570, at *3 (E.D. La. Mar. 11, 2013) ("Under Louisiana law, a solidary obligation exists between UM insurers and tortfeasors . . . .").

And so, the Court **RECOMMENDS** that Plaintiff's unopposed Motion for Leave to Amend (R. Doc. 14) be **GRANTED**. The Clerk of Court will file Plaintiff's amended Complaint (R. Doc. 14-3) into the record, and **USAA Insurance Company** will be **replaced** on the docket by **United Services Automobile Association**.

Plaintiff likewise seeks remand, as the addition of United Services will destroy complete diversity. (R. Doc. 12). Again, Defendants do not oppose remand. (R. Docs. 20, 21, 22).

"[M]ost post-removal developments—amendment of pleadings to below [the] jurisdictional amount or change in [the] citizenship of a party—will not divest the court of jurisdiction[,] but [the] addition of a nondiverse defendant will . . . ." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987); *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the

---

[1] The removing Defendants alternatively argued that even if Plaintiff's UM insurer were properly named, complete diversity would nonetheless exist because Plaintiff's UM insurer was improperly joined. (R. Doc. 1-2 at 3). The removing Defendants have seemingly abandoned that argument, neither objecting to Plaintiff's Motion for Leave to Amend (R. Doc. 14) nor her Motion to Remand (R. Doc. 12).

court may . . . permit joinder and remand the action to the State court."). The removal statute is strictly construed, *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007), and remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Because the addition of United Services, against whom Plaintiff has alleged a viable claim, destroys complete diversity, this Court no longer has subject matter jurisdiction. *Mergist v. Wal-Mart Stores, Inc.*, 2016 WL 3648262, at *5 (M.D. La. June 9, 2016) (remanding case after allowing plaintiff to join non-diverse defendants against whom she had viable claims); *Porter v. Times Group*, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016) (remand required after addition of non-diverse defendant who plaintiff alleged was "jointly liable," along with original defendants).

Therefore, the Court also **RECOMMMENDS** that Plaintiff's unopposed Motion to Remand (R. Doc. 12) be **GRANTED** and that this case be **REMANDED** to the 18th Judicial District Court for further proceedings.

Signed in Baton Rouge, Louisiana, on April 5, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**